# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MICHAEL SMITH, )
)
    Plaintiff, )
)
v. ) No. 4:15-CV-1765-RLW
)
CITY OF ST. LOUIS, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Michael Smith (registration no. 111372) for leave to commence this action without payment of the required filing fee. After reviewing plaintiff's financial information, the Court will grant the motion and assess an initial partial filing fee of $7.53, which is twenty percent of plaintiff's six-month average deposit. In addition, and for the reasons set forth below, the Court will dismiss this case pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against the City of St. Louis, the City of St. Louis Police Department, and St. Louis City police officers Stephen Slama, Joseph Hecht, Daniel J. Weber, Lindsey M. Wethington, and Mickey Christ. Plaintiff alleges that, after being arrested and handcuffed, defendant Christ tasered him, and "the arresting officers" used excessive force, resulting in "grave physical injuries." In addition, plaintiff states that he was denied "recommended medical care that was ordered by the medical professionals at the hospital."

## Discussion

Plaintiff brings this action against the defendant St. Louis City police officers in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent with respect to defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to the defendant police officers, as well as the City of St. Louis.

As additional grounds for dismissing this case, the Court notes that the City of St. Louis Police Department is not a suable entity under § 1983. *See Ketchum v.*

*City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi County Jail*, 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983). Moreover, a supervisor cannot be held liable on a theory of respondeat superior for an employee's actions. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

For these reasons, the Court will dismiss this action as legally frivolous pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $7.53 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue in this case, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED as moot**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  3rd  day of  December, 2015.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE